**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MELVIN B.,[1]

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No: 1:25-cv-234

Cole, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On April 11, 2025, Plaintiff initiated this pro se suit against the Commissioner of Social Security. Currently pending is the Commissioner's motion to dismiss all claims under Rule 12(b)(1), Fed. R. Civ. P., for lack of subject matter jurisdiction or alternatively, under Rule 12(b)(6), Fed. R. Civ. P. for failure to state a claim. (Doc. 10).  For the reasons that follow, the undersigned recommends that Defendant's motion be GRANTED.

**I.    Standard of Review**

Under the relevant standard, this Court must "construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). While such determination rests primarily upon the allegations of the complaint, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493,

---

[1] Due to significant privacy concerns in social security cases, the Court refers to claimants only by their first names and last initials. *See* General Order 22-01.

502 (6th Cir. 2001) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)) (emphasis omitted). Under the incorporation-by-reference doctrine, wherein "a document that is not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings" if it is "referred to in the complaint and is central to the plaintiff's claim . . . ." *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (internal quotation marks and citations omitted). In the case presented, the Court considers Plaintiff's original complaint as well as the exhibits attached by Plaintiff to a construed supplement to his complaint. (Docs. 6, 8.)

## II. Factual and Procedural Background

Plaintiff filed his complaint on a standard complaint form against the Commissioner of Social Security, alleging that he "has exhausted administrative remedies in this matter and this court has jurisdiction for judicial review pursuant to 42 U.S.C. § 405(g). (Doc. 6.) He submitted multiple documents as supplemental exhibits to his complaint, including a letter from a legal-aid attorney (Doc. 8-1, PageID 38), documents sent by SSA (*id.*, PageID 39-42), documents from his personal-injury attorneys (*id.*, PageID.43-44 and PageID 57-60), and bank records (*id.*, PageID 45-56). It is clear from the complaint and Plaintiff's supplemental filing that Plaintiff's lawsuit generally challenges the Commissioner's past garnishment of his Social Security benefits to pay his child support obligations. In a nutshell, Plaintiff believes that the Commissioner deducted too much and for too long, beyond the point where his child support obligations to the State of Arizona had been fully satisfied.[2] Plaintiff therefore seeks a refund from the Commissioner of the

---

[2] A letter from Plaintiff's Legal Aid attorney confirms Plaintiff's concern that SSA "was incorrectly withholding part of [his] Social Security benefits to pay child support to Arizona that [he] had already paid." (Doc. 8-1, PageID 38.) Counsel's letter states that Social Security did not receive an order from the Arizona Department of Child Support Services to stop withholding child support until February 2025, and that Plaintiff therefore began receiving his full benefits check in March 2025. The letter acknowledges Plaintiff's

2

sum(s) that he alleges that the Commissioner wrongfully deducted from his benefits.

In its motion to dismiss, the Commissioner argues that it is entitled to sovereign immunity for any claim of improper garnishment because it garnished Plaintiff's benefits pursuant to an income-withholding order for child support that was regular on its face. To the extent that Plaintiff believes that the State of Arizona should have terminated that income-withholding order sooner, or that Arizona has received excess child support sums from the Defendant that *Arizona* needs to refund to Plaintiff, the Commissioner argues that Plaintiff must seek relief from Arizona. If, on the other hand, Plaintiff is seeking to alter the amount of refund that he has received to date from the Commissioner, Defendant contends that dismissal is required because Plaintiff has yet to exhaust his administrative remedies as required by 42 U.S.C. § 405(g).

In his construed response in opposition to dismissal (Doc. 14), Plaintiff agrees with Defendant's characterization of his complaint as alleging that his final child support obligation in the amount of $4,158.44 was fully paid off around March 2024. (*See* Doc. 11, PageID 194.) Plaintiff complains that he attempted to prove that he had satisfied his child support obligation to Arizona by tendering evidentiary documents to SSA officials in person on three or more occasions, but complains that SSA officials refused to "look at" his evidentiary exhibits. (*Id.*) Plaintiff points out that the Commissioner does not contest his allegation that it continued making deductions after March 2024, despite the satisfaction of his child support obligations to Arizona. (*Id.*)

---

continuing concern that he is still owed by *either* SSA or Arizona for the months during which overpayment was made, but explains that counsel will not sue SSA on Plaintiff's behalf because "that is beyond the scope of your case with Legal Aid." (*Id.*)

3

### III. Analysis

**A. The Commissioner is Entitled to Sovereign Immunity**

The Commissioner persuasively argues that it is entitled to sovereign immunity on any claim that is based on its garnishment of Plaintiff's benefits through February 2025. "The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941).  "This principle extends to agencies of the United States as well, which are immune absent a showing of a waiver of sovereign immunity." *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993) (additional citation omitted).

Pursuant to 42 U.S.C. § 659, Congress has directed the Social Security Administration ("SSA")  to honor income-withholding orders for child support as long as they are regular on their face. Congress has further provided that no federal agency will be liable for complying with such an order. In the case presented, Plaintiff essentially alleges that the Commissioner deducted too much on behalf of the State of Arizona after his child support obligations were satisfied in that state. But whether or not Plaintiff was overcharged child support by virtue of the Commissioner's deductions is irrelevant to the Commissioner's liability. Pursuant to 42 U.S.C. § 659, the Commissioner cannot be held liable so long as it acted in compliance with Arizona's ongoing income-withholding order. By all accounts, the Commissioner's garnishment was in accordance with a valid order from Arizona, which did not notify SSA to cease such deductions until February 2025.

Critically, Plaintiff does not allege that the Defendant's garnishment actions were in any way inconsistent with Arizona's income-withholding order, which continued to apply until Arizona directed the Commissioner to stop. The alleged overpayment appears to have resulted from the fact that Arizona did not issue its order stopping garnishment until

4

February 2025. Plaintiff alleges in his response in opposition to dismissal that the error could have been avoided if only SSA officials had reviewed his documentary proof that his child support obligations to Arizona had been fully satisfied. But no statutory authority or case law supports a waiver of the Commissioner's sovereign immunity under the circumstances presented. In other words, the Commissioner cannot be held liable based on Plaintiff's position that the Commissioner ought to have disregarded Arizona's regular and valid garnishment order prior to the time that Arizona directed the Commissioner to cease garnishment in February 2025.

Plaintiff does not argue that the Commissioner has expressly or even impliedly waived its sovereign immunity against such claims. *See Lane v. Pena*, 518 U.S. 187, 192 (1996) ("To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims.") Based on the facts alleged including the apparent lack of any irregularity in the income-withholding order issued by Arizona prior to February 2025, the Commissioner remains entitled to sovereign immunity for any over-withholding that resulted. *See, e.g., Dockery v. Comm'r of Soc. Sec.*, No. TDC-15-2650, 2016 WL 3087453, at *4 (D. Md. Jun. 1, 2016) (citing *United States v. Morton*, 467 U.S. 822, 836 (1984), for its "holding that the Government cannot be held liable for acting in accordance with a garnishment order that is regular on its face"), report and recommendation adopted (Nov. 18, 2016); *Trimble v. U.S. Soc. Sec.*, 369 F. App'x 27, 31 (11th Cir. 2010) (quoting *Morton*, 467 U.S. at 836).

### B. Plaintiff's Failure to Exhaust Administrative Remedies

Above, the undersigned has construed Plaintiff's complaint as seeking a refund from the Commissioner of the garnishment it made to Plaintiff's benefits between March

5

2024 and February 2025. As stated, the Commissioner is entitled to sovereign immunity for that claim.

But as a pro se litigant, Plaintiff is entitled to a liberal construction of his complaint. Construed liberally, the possibility remains that Plaintiff is also challenging the amount of refunds made by the Commissioner in March 2025, May 2025, and August 2025,[3] following the remittance of such overpayments to the Commissioner by the State of Arizona. To the extent that the Court considers this argument, it is arguably outside the scope of Rule 12, but may be considered under Rule 56, so long as Plaintiff is provided an adequate opportunity to respond to Defendant's evidentiary exhibits.

The record submitted by Commissioner reflects that each refund was accompanied by a letter setting forth Plaintiff's limited administrative appeal rights to the extent that Plaintiff believed that the Commissioner had not refunded him the correct amount. Defendant asserts that Plaintiff has not sought reconsideration of those refund amounts in accordance with his limited appeal rights. In his response in opposition to dismissal, Plaintiff does not refute Defendant's assertion that he has failed to administratively exhaust the limited appeal rights available to him. To the extent that this argument is considered, it is persuasive.

### IV. Conclusion and Recommendation

The Court is not without sympathy for Plaintiff's understandable frustration with the Commissioner's continued deductions of approximately $814 per month for some months after Plaintiff believed he had fully satisfied all child support obligations to the State of Arizona. Unfortunately for Plaintiff, this lawsuit cannot provide him the remedy that he

---

[3]Only the first refund was made prior to the date the complaint was filed. The last two refunds were made after suit was filed. However, Defendant's motion does not address the possibility of mootness.

seeks for the reasons stated by Defendant in its well-reasoned motion.

Therefore, **IT IS RECOMMENDED THAT** the Defendant Commissioner's motion to dismiss (Doc. 10) be **GRANTED** and that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** based on the Commissioner's sovereign immunity. In the alternative, Plaintiff's lawsuit should be dismissed based on his failure to exhaust his administrative remedies prior to filing suit under 42 U.S.C. § 405(g).

                                 *s/Stephanie K. Bowman*
                                 Stephanie K. Bowman
                                 United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| MELVIN R.H. BRADLEY, | Case No: 1:25-cv-234 |
| Plaintiff, | Cole, J. |
| v. | Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).